# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause? Yes___ No___ "*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

> monetary damages sought are in excess of $150,000, exclusive of interest and costs,
>
> the complaint seeks injunctive relief,
>
> the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?            Yes            No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?            Yes            No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?            Yes            No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:_____.

If your answer to question 2 (b) is "No", does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____ Yes _____ No _____
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

Yes                                        No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

Yes      (If yes, please explain                    No

I certify the accuracy of all information provided above.

**Signature**: _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JESSICA FREEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHIPOTLE MEXICAN GRILL, INC., and )<br>CHIPOTLE SERVICES, LLC d/b/a )<br>CHIPOTLE MEXICAN GRILL, )<br>)<br>_____ Defendants. _____ | Case No.: _____<br><br>**NOTICE OF REMOVAL** |

COME NOW Defendants Chipotle Mexican Grill, Inc. ("CMG") and Chipotle Services, LLC ("Chipotle Services" and collectively "Chipotle" or "Defendants"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby file this Notice of Removal of the above-styled action, originally filed in the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York. In support of removal, Chipotle provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).[1]

## I.    NATURE OF THE ACTION

1.    On or about May 9, 2022, Plaintiff Jessica Freeman ("Plaintiff") initiated a civil action in the Supreme Court of the State of New York, County of Nassau, Index No. 606045/2022 (the "State Court Action"), naming Chipotle Mexican Grill, Inc. and Chipotle Services, LLC as Defendants. A true and correct copy of all pleadings, process, and other papers and exhibits of every kind filed in the State Court Action are attached hereto as **Exhibit A**.

___

[1] Chipotle Mexican Grill, Inc. and Chipotle Services, LLC are the named Defendants and appear here in the exercise of their rights of removal under federal law. Chipotle reserves all procedural, substantive, and other defenses, arguments, and claims available in response to the Complaint.

2.      Plaintiff's Complaint alleges discrimination on the basis of sexual orientation in violation of the New York State Human Rights Law, Executive Law § 296, *et seq.* ("NYSHRL"). (Ex. A, Complaint at ¶ 1).

3.      Chipotle hereby removes this action, invoking the Court's diversity jurisdiction over this matter and noting that this Court is the proper venue, as specifically described below.

## II.     REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

4.      Removal of this case is proper under 28 U.S.C. § 1332 and 1441(b) because this Court has original jurisdiction over this civil action based on the fact that complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5.      Upon information and belief, Plaintiff was a citizen of the State of New York at the time the State Court Action was filed and at all times since. (Ex. A, Complaint, ¶ 2).

6.      Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of the state by which it has been incorporated and of any state where it has its principal place of business. CMG is incorporated under the laws of the State of Delaware and its principal place of business is 610 Newport Center Drive, Suite 1300, Newport Beach, CA 92660. CMG is therefore a citizen of the states of Delaware and California for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

7.      Chipotle Services is a limited liability company which is a wholly owned subsidiary of CMG wherein CMG is the sole member. Accordingly, Chipotle Services is also a citizen of Delaware and California. As such, there is complete diversity of citizenship between the parties.

8.      According to the Complaint, Plaintiff seeks "all lost wages and benefits resulting from Defendant's (sic) unlawful discrimination and retaliation" as well as "compensatory damages

for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation" and "punitive damages." (Ex. A, Complaint, ¶¶ 28 (B-D)).

9.    Plaintiff alleges that she was earning a salary of $56,000 per year and that her last day of work with Chipotle was July 25, 2020. (Ex. A, Complaint ¶¶ 6, 9).

10.    An award of lost wages alone for the period of nearly 22 months since Plaintiff's employment ended would equal approximately $102,666.67, well over the $75,000.00 threshold for establishing diversity jurisdiction, exclusive of interests and costs.

### III.    VENUE IS PROPER IN THE EASTERN DISTRICT OF NEW YORK

11.    Under 28 U.S.C. § 1441(a), a case may be removed to a United States district court "for the district and division embracing the place where such action is pending." This action is currently pending in the Supreme Court of the State of New York, County of Nassau. Nassau County is within the jurisdiction of the Eastern District of New York. As such, this Court is the United States District Court which embraces the place where the State Court Action is currently pending.

### IV.    REMOVAL IS PROCEDURALLY PROPER

12.    This Notice of Removal is timely under 28 U.S.C. § 1446(b). The Complaint was filed on May 9, 2022 and served on May 18, 2022. (*See* Exhibit A.) Because removal is made within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

13.    Pursuant to 28 U.S.C. § 1446(a), all documents filed in the State Court Action, the copy of the docket sheet in the State Court Action, and copies of all process and pleadings in the State Court Action are attached to this Notice of Removal as **Exhibit A**. Chipotle has not yet filed its answer in the State Court Action.

14.     Chipotle will concurrently file a Notice of Filing of Notice of Removal with the clerk of the state court in which the State Court Action was pending and serve a copy on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(a) and (d). Attached hereto as **Exhibit B** is a copy of the Notice of Filing Notice of Removal, excluding exhibits.

15.     Chipotle has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

## V.     NON-WAIVER OF DEFENSES

16.     By filing this Notice of Removal, Chipotle does not waive any defenses available to it. Chipotle does not admit, and in fact specifically denies, that the Complaint states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages or any other relief sought in the Complaint.

## VI.     REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED

17.     As the party requesting removal, Chipotle's instant Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (citing 28 U.S.C. § 1446(a)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87. Chipotle has satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by affidavit or other summary-judgment-type evidence.

18.     In the event Plaintiff files a motion or other request to remand, or the Court considers remand *sua sponte*, Chipotle reserves all rights to submit such additional argument

and/or evidence in support of removal as may be necessary or appropriate, including competent evidence as to the amount in controversy or diversity of citizenship.

WHEREFORE, for the aforementioned reasons, this action is removed to and should proceed in the United States District Court for the Eastern District of New York.

This 6th day of June, 2022.

Respectfully submitted,

*/s/ Kelly N. Jines*
Kelly N. Jines, Esq.
New York Bar Number: 5337753
MARTENSON, HASBROUCK, & SIMON LLP
40 Exchange Place, Suite 1502
New York, NY 10005
Telephone: (332) 345-2470
kjines@martensonlaw.com

-and-

Elizabeth Bulat Turner (*pro hac vice* application forthcoming)
bturner@martensonlaw.com
Lindsay M. McCall (*pro hac vice* application forthcoming)
lmccall@martensonlaw.com
MARTENSON, HASBROUCK, & SIMON LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
Telephone: (404) 909-8100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which automatically sends notice of the filing to Plaintiff's counsel of record.  The foregoing document is also being served by U.S. Mail First Class to Plaintiff's counsel of record.

Cathryn Harris-Marchesi, Esq.
Darnisha A. Lewis-Bonilla, Esq.
Phillips & Associates, Attorneys at Law, PLLC
585 Stewart Ave., Suite 410
Garden City, New York 11530
Charris-marchesi@tpglaws.com
dlewis-bonilla@tpglaw.com

*/s/ Kelly N. Jines*
Kelly N. Jines, Esq.